### SHERRY FRONTENAC, Inc. v. TAX ASSESSOR, et al.
No. 71-2592.

Circuit Court, Dade County.

April 15, 1971.

Anthony J. Barranco, Jr., Miami, for the plaintiff.

Stuart Simon, County Attorney, and Robert A. Ginsburg, Assistant County Attorney, for the defendant.

JOSEPH NESBITT, Circuit Judge.

In this action plaintiff taxpayer challenges the validity of a 1970 ad valorem tax assessment to real property. The complaint alleges that plaintiff has exhausted its administrative remedies by the filing of a protest application against the assessment with the board of tax adjustment, after which it demanded and obtained arbitration under provisions of §194.033, Florida Statutes.

The defendant taxing authority has moved to dismiss the complaint on the grounds — (1) that the court is without jurisdiction to entertain the action because it was not instituted within 60 days

from the date the tax roll in question was certified under §193.381 as required by §194.151, and (2) that the complaint fails to allege any of the grounds for vacating an arbitration award as required by §682.13 under arbitration awards proceeding under provisions of chapter 682, Florida Statutes. The grounds will be discussed in reverse order.

The real inquiry on defendant's motion to dismiss is whether a taxpayer who has elected and obtained arbitration under provisions of §194.033 can thereafter maintain a plenary action to cancel and annul an alleged invalid tax assessment. This question has not heretofore been resolved by an appellate court of this state.

Having considered the law in effect at the time §194.033 (the Arbitration Statute) was adopted together with its history and purpose, I conclude the motion to dismiss should be denied for the following reasons —

First, the certification process has and serves no useful purpose when a tax assessment is submitted to an arbitration proceeding.

Secondly, the arbitration proceeding contemplated under §194.033 is an additional, elective administrative proceeding afforded an aggrieved taxpayer in an effort to forestall tax litigation rather than a final award and a substitute for court action.

An arbitration proceeding under §194.033 may be demanded upon election of a taxpayer, at which time he also designates his arbitrator. The board of tax adjustment is, within a time certain, required to designate its arbitrator, after which the two arbitrators in turn select a third. Thereafter a majority of the arbitration panel fixes an assessment on the property, on which assessment the taxpayer shall pay taxes, which assessment "shall be final unless overturned by a court of competent jurisdiction".

Inherent in the taxing authority's motion to dismiss is that §194.033 mandatorily subjects such arbitration proceedings to the provisions of the Florida Arbitration Code, chapter 682, Florida Statutes. It is urged that §682.02 thereof automatically makes any act, agreement or provision subject to the Arbitration Code unless it is stipulated or provided that the arbitration code does not apply. On this assumption, it is further argued that the arbitration award made pursuant to chapter 682 can thereafter be vacated by a court only for one of the statutory grounds enumerated in §682.13. It is the ultimate position of the taxing authority that the arbitration proceeding authorized and contemplated by §194.033

142

is final and a substitute for court action unless, of course, it is amenable to being vacated under provisions of §682.13.

It is settled that the arbitration contemplated under chapter 682 is quasi judicial in character because the proceeding crystalizes into finality in the form of an arbitration award. Thereafter, the nature of judicial review afforded a litigant by §682.13 is limited and restricted.

§6 (3) of article V of the Florida Constitution in part provides —

"The circuit courts shall have exclusive, original jurisdiction *** in all cases involving the legality of any tax, or assessment ***."

§194.171 also in part provides —

"The circuit courts shall have exclusive, original jurisdiction in law of all matters relating to property taxation."

Legislative enactments are presumed to be adopted with a knowledge of existing law, including constitutional limitations on legislative power, 6 Fla. Jur., *Constitutional Law,* §125. The purpose of conferring "original jurisdiction" upon the circuit courts in tax matters is to afford a litigant an opportunity to try any disputed issues of fact. §682.13 does not afford a litigant an opportunity to re-try disputed issues of fact involved in an arbitration award. The nature and scope of review afforded a litigant under §682.13 is limited and restricted. Considering that the organic law must be accorded a construction to effectuate its purpose, 6 Fla. Jur., *Constitutional Law,* §17, and that taxing statutes should be construed most strongly against the taxing authority, 30 Fla. Jur., *Taxation,* §52, I conclude that the provisions of §6(3) article V of the Florida Constitution are controlling, and that the operational effect contended for §§194.033, 682.02 and 682.13 cannot be sustained.

The next ground urged in the taxing authority's motion to dismiss is that this court is without jurisdiction to entertain the instant action because it was not instituted within 60 days from the date that the tax roll on the property in question was certified under §193.381 as required by provisions of §194.151. The tax roll in question in this suit was certified on November 5, 1970. It has otherwise been made to appear that the arbitration proceeding did not terminate until December 22, 1970. The instant action was commenced by the filing of the complaint in this court on February 9, 1971. Therefore, if the certification process is applicable to the instant matter, then plainly the action was not timely instituted within 60 days from certification.

The Arbitration Statute (§194.033) was enacted as §5 of chapter 69-140, Laws of Florida, and subsequent to an amendment to the certification statute (§193.381), which section was amended by §§21 and 35 of chapter 69-106, Laws of Florida. The Arbitration Statute was the last expression by the 1969 session of the Florida legislature. Both the Arbitration Statute and the statute authorizing the hearing of complaints by the board of tax adjustment were adopted by the legislature in a period of tax unrest to afford a taxpayer an administrative avenue for seeking tax relief. The administrative remedies thus afforded were remedial and supplemental to the existing laws and should therefore receive a construction so as to advance the remedy provided, 30 Fla. Jur., *Statutes*, §120.

Certification as contemplated by §193.381 constitutes formal termination of the tax equalization process on the tax rolls by the county commissioners. It simply finalizes the equalization process. It must be accomplished in time for the tax bills to be mailed out by November 1st of each year. When a taxpayer elects to go to arbitration the proceeding contemplated under §194.033 can readily extend beyond the normal time for certifying the tax roll and mailing out the tax bill. The use of the word "final" in §194.033 simply denotes formal termination of the tax equalization accomplished by the arbitration process. In this sense it serves the same efficient purpose as "certification" does with respect to the unchallenged tax rolls. The arbitration proceeding is thus "final unless overturned by a court of competent jurisdiction". The latter quoted phrase from the Arbitration Statute simply refers to and permits a litigant to invoke the exclusive, original jurisdiction afforded him under provisions of §194.171. See also article V, §6(3) of the Florida Constitution, supra. Subsequent action with respect to certification by the 1970 Florida legislature confirms this view. At the 1970 session the legislature amended the former statutes relating to certification (§§193.401—193.421, and repealed the provisions of §193.381, relating to certification) and has consolidated those statutes in a section now codified as §193.122. While the latter statute is directly applicable only to 1971 tax rolls, it contains a so-called "escape hatch" which exempts property assessments then before an arbitration board from certification. The exclusion of tax assessments in arbitration from the certification process by §193.122 was therefore declaratory of the law on this subject relative to 1970 tax rolls.

For interesting background into the Arbitration Statute where similar views are expressed, see Phipps, *Florida Bar Journal,* volume 44, no. 8, October, 1970.

For the foregoing reasons, an order will be entered in the above captioned case as well as in case no. 71-2587 denying the motion to dismiss.